## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                   )
BLUE WATER BALTIMORE, <u>et al.</u>,       )
                                   )
            Plaintiffs,        )
                                   )
       v.                )          Civil Action No. 16-452 (RBW)
                                   )
SCOTT PRUITT, Administrator,     )
United States Environmental        )
Protection Agency,               )
                                 )
           Defendant.     )
_____)

## <u>MEMORANDUM OPINION</u>

The plaintiffs, Blue Water Baltimore, Chester River Association, Gunpowder Riverkeeper, Midshore Riverkeeper Conservancy, Potomac Riverkeeper Network, and Waterkeepers Chesapeake, all non-profit environmental organizations dedicated to protecting local watersheds in Maryland, initiated this action against Scott Pruitt, in his official capacity as the Administrator of the United States Environmental Protection Agency (the "EPA"), challenging the EPA's approval of Maryland's 2012 Integrated Report of Surface Water Quality (the "2012 Integrated Report") under the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701–06 (2012).  <u>See</u> Complaint ("Compl.") ¶¶ 1, 4–11, 16.  On July 18, 2017, the Court issued a Memorandum Opinion dismissing the plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1) because their challenges were found to be moot.  <u>See</u> <u>Blue Water Balt. v. Pruitt</u>, __ F. Supp. 3d __, __, 2017 WL 3049405, at *7 (D.D.C. July 18, 2017) (Walton, J.).  Currently before the Court are the Plaintiffs' Motion to Alter or Amend the Judgment ("Pls.' Rule 59 Mot.") and the Plaintiffs' Motion for Leave to Amend Complaint ("Pls.' Rule 15 Mot.").

Upon careful consideration of the parties' submissions,[1] the Court concludes that it must grant both of the plaintiffs' motions.

## I. BACKGROUND

The Court discussed the factual and statutory background of this case in its Memorandum Opinion issued on July 18, 2017, see Blue Water Balt., __ F. Supp. 3d at __, 2017 WL 3049405, at *1–3, and will not reiterate those facts again here. In that opinion, the Court granted the EPA's motion to dismiss under Rule 12(b)(1) because the EPA's approval of Maryland's "2014 Integrated Report superseded the 2012 Integrated Report, thus mooting the plaintiffs' challenge to the reclassifications [of fifty-three water bodies] in the 2012 Integrated Report," id. at *5, and the plaintiffs' challenge did not meet the capable of repetition, yet evading review exception to the mootness doctrine, see id. at *7. In the accompanying Order, the Court dismissed the plaintiffs' Complaint "with prejudice." Order at 1 (July 18, 2017), ECF No. 24. On August 14, 2017, the plaintiffs simultaneously filed their motions,[2] requesting that the Court modify its July 18, 2017 Order to redesignate that the dismissal of their Complaint is without prejudice and grant them leave to file an amended complaint to challenge the EPA's approval of Maryland's 2014 Integrated Report. See Pls.' Rule 59 Mot. at 1.[3]

---

[1] In addition to the filings already identified, the Court considered the following submissions in reaching its decision: (1) the Plaintiffs' Memorandum in Support of Motion to Alter or Amend the Judgment ("Pls.' Rule 59 Mem."); (2) the Plaintiffs' Memorandum in Support of Motion for Leave to Amend Complaint ("Pls.' Rule 15 Mem."); (3) the EPA's Combined Opposition to Plaintiffs' Motion to Alter or Amend the Judgment and Motion for Leave to Amend Complaint ("Gov't's Opp'n"); (4) the Plaintiffs' Combined Reply in Support of Motion to Alter or Amend the Judgment and Motion for Leave to Amend Complaint ("Pls.' Reply"); and (5) the EPA's Notice of Subsequent Event ("Gov't's Notice").

[2] The Court notes that the plaintiffs' motions are procedurally sound because after the Court dismissed their Complaint with prejudice, they could amend their Complaint "only by filing, as they properly did, a 59(e) motion to alter or amend a judgment combined with a Rule 15(a) motion requesting leave of court to amend their [C]omplaint." Brink v. Cont'l Ins. Co., 787 F.3d 1120, 1128 (D.C. Cir. 2015) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

[3] "[The p]laintiffs do not seek to alter the Court's ruling that [their] claims relating to [the] EPA's approval of Maryland's 2012 Integrated Report are moot." Pls.' Rule 59 Mot. at 1.

## II.     STANDARDS OF REVIEW

### A.     Motion to Alter or Amend a Judgment

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "[twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). However, motions under Rule 59(e) are "disfavored," and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. E.g., Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). "Rule 59(e) motions need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Anyanwutaku, 151 F.3d at 1057–58 (citation and internal quotation marks omitted). A court must grant a Rule 59(e) motion "if [its] dismissal of the complaint with prejudice was erroneous; that is, the Rule 59(e) motion should be granted unless 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Brink v. Cont'l Ins. Co., 787 F.3d 1120, 1128 (D.C. Cir. 2015) (quoting Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

### B.     Motion for Leave to File an Amended Complaint

Under Federal Rule of Civil Procedure 15(a), the court should "freely give leave" to a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

### III.    ANALYSIS

**A.    Order Dismissing the Complaint with Prejudice**

The plaintiffs argue that the Court erred in dismissing their Complaint with prejudice because "[d]ismissal of a complaint for jurisdictional reasons such as mootness should be without prejudice." Pls.' Rule 59 Mem. at 3. As support for this position, they cite Rule 41(b), see id., which provides that "[u]nless the dismissal order states otherwise, [an involuntary dismissal]—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits," Fed. R. Civ. P. 41(b), and note that "'adjudication on the merits' in this context means dismissal with prejudice," Pls.' Rule 59 Mem. at 3. Therefore, according to the plaintiffs, the Court's conclusion that the plaintiffs' claims were moot does not constitute an adjudication on the merits. See id. at 3–4.

The Court agrees with the plaintiffs that their Complaint should have been dismissed without prejudice under Rule 41(b). "[T]he Supreme Court [has] concluded that an 'adjudication upon the merits' under Rule 41(b) is synonymous with a dismissal with prejudice and 'the opposite of a dismissal without prejudice.'" Havens v. Mabus, 759 F.3d 91, 98 (D.C. Cir. 2014) (quoting Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001)). Therefore, "[a] jurisdictional dismissal—which is not an adjudication on the merits under Rule 41(b)—is, then, a dismissal without prejudice." Id.; see also Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("We conclude by noting that the district court improperly dismissed appellant's suit with prejudice. As appellees concede, dismissals for lack of jurisdiction are not decisions on the merits . . . ."). Dismissals on the grounds of mootness and other justiciability doctrines are treated as jurisdictional dismissals, see Conservation Force, Inc. v. Jewell, 733 F.3d 1200, 1204 (D.C. Cir. 2013) ("Federal courts lack jurisdiction to decide moot

cases because their constitutional authority extends only to actual cases or controversies."

(quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983))); Attias v. Carefirst, Inc.,

865 F.3d 620, 624–25 (D.C. Cir. 2017) (affirming the district court's grant of dismissal under

Rule 12(b)(1) because the plaintiffs lacked Article III standing); see also 18A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 4436 (2d ed. 2002) ("Dismissals

for want of justiciability are controlled by the same principles as apply to want of subject-matter

jurisdiction."), and therefore should be dismissed without prejudice under Rule 41(b), see

Havens, 759 F.3d at 98; see also Wilderness Soc'y v. Salazar, 603 F. Supp. 2d 52, 72 (D.D.C.

2009) ("[D]ismissal on mootness grounds is without prejudice to future suits on the merits of the

same claim.").

The Court is unpersuaded by the government's argument that "[the] Court did not err

when it barred [the p]laintiffs from reasserting the moot claims," Gov't's Opp'n at 4; see also id.

("Rather, by dismissing the latter claims with prejudice, the Court properly 'barr[ed] . . . [the

p]laintiffs from returning later, to the same court, with the same underlying claim[s].'" (quoting

Semtek, 531 U.S. at 505)), because, as Wright and Miller explain, a dismissal "for want of

justiciability," such as mootness, "should preclude relitigation of the very issue of justiciability

actually determined, but does not preclude a second action on the same claim if the justiciability

problem can be overcome," Wright & Miller, supra, § 4436 (footnote omitted). Applied to this

case, the plaintiffs are therefore barred from relitigating the Court's conclusion that the plaintiffs'

challenges to the 2012 Integrated Report were mooted by the EPA's approval of the 2014

Integrated Report, but they are not barred from litigating their challenge to the EPA's approval of

the reclassifications of the fifty-three Maryland water bodies because those classifications were

incorporated into the 2014 Integrated Report, and the "EPA's rationale for approving those lists

remains operative." See Blue Water Balt., __ F. Supp. 3d at __, 2017 WL 3049405, at \*5.

Accordingly, the Court concludes that it erred in dismissing the plaintiffs' Complaint with

prejudice because dismissals on the grounds of mootness constitute dismissals for want of

jurisdiction, which must be dismissed without prejudice under Rule 41(b). See Brink, 787 F.3d

at 1128 (stating that a Rule 59(e) motion to alter or amend a judgment dismissing the complaint

with prejudice should be granted if the dismissal should have been without prejudice).

**B.      The Plaintiffs' Proposed Amended Complaint**

The plaintiffs argue that the Court should grant it leave to file an amended complaint

challenging the 2014 Integrated Report because

> [t]here is no evidence to suggest that the amendment [the p]laintiffs propose would
> be futile; to the contrary, this Court's Opinion ruling on [the] EPA's Motion to
> Dismiss suggests that the proper target of [the p]laintiffs' claims is [the] EPA's
> approval of Maryland's reclassification of the waters at issue via its approval of
> Maryland's 2014 Integrated Report. These are the very claims that [the p]laintiffs
> seek to add in their amended complaint.

Pls.' Rule 15 Mem. at 3.  The Court agrees, with one caveat given recent administrative

developments.

In its prior Memorandum Opinion in this case, the Court made clear that because the

2014 Integrated Report superseded the 2012 Integrated Report, the plaintiffs should have

challenged the 2014 Integrated Report.  See Blue Water Balt., __ F. Supp. 3d at __, 2017 WL

3049405, at \*5–6.  Therefore, the plaintiffs' proposed amended complaint, which challenges the

EPA's approval of the 2014 Integrated Report, see Pls.' Rule 15 Mot., Att. (First Amended

Complaint for Declaratory and Injunctive Relief) ¶¶ 110, 120–21, 125, 127, ECF No. 27-3, was

not subject to dismissal as futile at the time it was filed, see City of Dover v. EPA, 40 F. Supp.

3d 1, 6 (D.D.C. 2013) ("[B]ecause the Court did suggest an alternative legal theory based on the

facts pled, [the] plaintiffs should [be] permitted to test that theory."); see also id. at 7 (noting that

because the "plaintiffs have met the stricter standard under Rule 59(e), they have also met the liberal amendment standard under Rule 15(a)(2)").[4]

However, after the briefing on the plaintiffs' motions now before the Court had concluded, but before the Court had ruled on them, the EPA notified the Court that on November 1, 2017, it had approved Maryland's 2016 Integrated Report. Gov't's Notice at 1. The EPA's approval of the 2016 Integrated Report contains language identical to the language found in its approval of the 2014 Integrated Report, i.e., "[t]o the extent that these prior [Integrated Reports] have been incorporated into the 2016 [Integrated Report], [the] EPA's rationale for approving those lists remains operative." Id., Exhibit ("Ex.") 1 (EPA Region III Approval Rational for Maryland's 2016 [Integrated Report]) at 2; see also Blue Water Balt., __ F. Supp. 3d at __, 2017 WL 3049405, at *5 ("The EPA stated in its approval of the 2014 Report that '[t]o the extent that [the 2012 and other] prior lists have been incorporated into the 2014 [Integrated Report], [the] EPA's rationale for approving those lists remains operative.'" (alterations in original)). Therefore, the plaintiffs' proposed amended complaint, which challenges the 2014 Integrated Report, now suffers from the same mootness problem as its original Complaint did. However, if the plaintiffs file an updated amended complaint challenging the 2016 Integrated Report, that amended complaint will not be futile.[5]

---

[4] The EPA notes that it does "not contend that [the p]laintiffs' proposed claims challenging approval of the 2014 list are moot or otherwise barred by virtue of the Court's holding that the claims challenging approval of the 2012 list are moot," Gov't's Opp'n at 4, thus conceding that the plaintiffs' proposed challenges are not futile.

[5] In its Notice, the EPA states that if the plaintiffs "move to amend the complaint to add claims regarding the most recent approval, EPA expects to oppose that motion for the same reasons it opposed the pending motion to amend the complaint." Gov't's Notice at 1–2 (emphasis added). Accordingly, because the EPA asserts no new arguments regarding why leave to file an amended complaint challenging the 2016 Integrated Report should not be granted, the Court concludes that it would be a waste of judicial resources to require another round of briefing on whether leave to amend should be granted to permit the plaintiffs to challenge the most recent Integrated Report.

Moreover, the Court does not find that the plaintiffs have exhibited any bad faith, dilatory motive, or repeated failure to cure deficiencies, nor will the EPA suffer undue prejudice resulting from the filing of an amended complaint. See Foman, 371 U.S. at 182. The Court does not fault the plaintiffs for waiting until after the Court ruled on the EPA's motion to dismiss to file its motion for leave to file an amended complaint for two reasons. First, the plaintiffs had "request[ed] 'an opportunity to amend their Complaint' if the Court f[ound] that their claims [we]re moot," but the Court denied that conditional request because the plaintiffs had failed to comply with the law of this Circuit requiring that the proposed amended complaint be submitted with the motion for leave to file an amended complaint. See Blue Water Balt., __ F. Supp. 3d at __ n.8, 2017 WL 3049405, at *7 n.8. Therefore, the plaintiffs had attempted, albeit deficiently, to amend their Complaint to address the mootness issue if necessary, and the EPA was on notice of that attempt. Moreover, although the Court disagreed with the plaintiffs' argument that their challenges to the 2012 Integrated Report were not moot, the plaintiffs' expectation that the Court would agree with their position was reasonable, given that two other federal district courts had ruled that challenges to the biennial Integrated Reports satisfy the capable of repetition, yet evading review exception to mootness. See id. at *6 (distinguishing Sierra Club v. EPA, 162 F. Supp. 2d 406 (D. Md. 2001), and Am. Canoe Ass'n v. EPA, 30 F. Supp. 2d 908 (E.D. Va. 1998)); see also Foman, 371 U.S. at 181 ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").

Further, the plaintiffs promptly and appropriately filed their Rule 59 and Rule 15 motions to correct the Court's error in dismissing their Complaint with prejudice, and attached to their motion to amend the proposed amended complaint as required by Local Civil Rule 7(i). See

generally Pls.' Rule 59 Mot.; Pls.' Rule 15 Mot. And the EPA will not suffer any undue

prejudice from the filing of the amended complaint because this case is in its infancy; in fact, the

EPA would arguably suffer greater prejudice and delay if the Court denies the plaintiffs leave to

amend, because that would, as the plaintiffs note, require them to "file a separate case based on

[the] EPA's approval of Maryland's 201[6] Integrated Report, [which] would likely end up

before the same bench, requiring new docketing procedures, the issuances of new summonses

and proof of service, [and] new notices of appearance." Pls.' Rule 59 Mem. at 7 (footnote

omitted) (citing Local Civil Rule 40.5(a)(4) governing related cases); see also Barkley v. U.S.

Marshals Serv. ex rel. Hylton, 766 F.3d 25, 39 (D.C. Cir. 2014) (reversing the district court's

denial of leave to amend, even though "[t]he district court ha[d] endured a multitude of motions

and amendments to the pleadings in th[e] case over the course of more than a decade," because

"[t]he plaintiffs already in the case had raised substantially the same discrimination claims, no

summary judgment motion had been granted, and no discovery had taken place as to [certain]

claims"). This case is therefore unlike other cases in which courts have denied plaintiffs' Rule

15 motions on the grounds that the plaintiffs waited many years and after discovery had occurred

before filing their motions, see, e.g., Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.,

810 F.2d at 243, 247 (D.C. Cir. 1987) (six-year delay and after summary judgment had been

granted); Becker v. District of Columbia, 258 F.R.D. 182, 184–85 (D.D.C. 2009) (five-year

delay and after discovery had closed), their proposed amendments would have been futile

because they would not cure the pleading deficiencies, see, e.g., McGovern v. Am. Airlines, Inc.,

511 F.2d 653, 654 (5th Cir. 1975) (en banc) ("[W]here as here there is no indication in the record

that diversity in all probability exists and the appellant has shown in a second plea to the trial

court no inclination to cure the jurisdictional defect even though on notice of the defect, we

decline to allow appellant an opportunity to amend." (footnotes omitted)), or the proposed

amendments would assert a new claim or substitute a new party, see, e.g., Schmidt v. United

States, 749 F.3d 1064, 1070 (D.C. Cir. 2014) (noting that the plaintiff "never properly amended

his complaint before the District Court to assert a [new] claim . . . , and [ ] there is no dispute that

[his] original, procedurally-focused claim was rendered moot"); Wash. Tennis & Educ. Found.,

Inc. v. Clark Nexsen, Inc., __ F. Supp. 3d __, __, 2017 WL 4075156, at *6 (D.D.C. Sept. 13,

2017) ("[W]hen subject[-]matter jurisdiction is wanting because the plaintiff presently named in

the complaint lacks standing, a court cannot grant leave to amend under Rule 15 to add a plaintiff

for purposes of curing the jurisdictional defect.").

    Finally, the Court rejects the EPA's argument that the Court should "deny the Rule 15(a)

motion [because, h]aving held that the claims are moot, this Court now lacks jurisdiction to

proceed further," Gov't's Opp'n at 5, because "[d]efective allegations of jurisdiction may be

amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653 (2012).  The Supreme

Court has applied § 1653 to cure allegations of mootness, see Chandler v. Miller, 520 U.S. 305,

313 n.2 (1997) (citing § 1653 as the legal basis for its conclusion that the case was not moot

given the petitioner's statements at oral argument), and both the Circuit and other members of

this Court have approved a district court's consideration of a Rule 15 motion, even after

dismissal under Rule 12(b)(1), if the proposed pleading would cure the jurisdictional defect, see

Attias, 865 F.3d at 624 ("Where subject-matter jurisdiction depends on the factual allegations in

the complaint, as it does here, the district court can signal that a dismissal under Rule 12(b)(1) is

not final if it expressly gives the plaintiff leave to amend the complaint."); Gov't of Guam v.

Am. President Lines, 28 F.3d 142, 149, 151 (D.C. Cir. 1994) (affirming the district court's

dismissal for lack of subject-matter jurisdiction, and noting that the appellants "did not seek

leave to amend their complaint after the district court granted appellees' motion to dismiss");

Vogel v. Go Daddy Group, Inc., __ F. Supp. 3d __, __, 2017 WL 3088363, at *3 (D.D.C. July 19, 2017) ("A plaintiff may amend his complaint to fix a deficiency that goes to whether the court has jurisdiction. . . . If the plaintiff's proposed pleading contains statements of fact plausibly alleging that the court has jurisdiction, then the court has jurisdiction to allow [the p]laintiff leave to make those necessary amendments."); Am. Civil Constr., L.L.C. v. Fort Myer Constr. Corp., 246 F. Supp. 3d 309, 315 (D.D.C. 2017) (granting the defendant's motion to dismiss for lack of subject-matter jurisdiction, "but permit[ting] [the plaintiff] an opportunity to file a supplemental complaint to cure any jurisdictional defect"); Johnson v. Panetta, 953 F. Supp. 2d 244, 247 (D.D.C. 2013) ("Generally, a court must ascertain whether it has jurisdiction before it is empowered to take any action in a matter. . . . However, where, such as here, a plaintiff seeks to amend the complaint in order to correct defective allegations of jurisdiction, the plaintiff is entitled to do so pursuant to 28 U.S.C. § 1653."); see also Wright & Miller, supra, § 1350 ("When the pleader's affidavits or other evidence show either that the court actually has subject[-]matter jurisdiction over the case or that the nonmoving party might be able to amend to allege jurisdiction, the district court may . . . direct the pleader to amend the pleading or it may dismiss with leave to amend within a prescribed period of time. Only when the affidavits show that the pleader cannot truthfully amend to allege subject[-]matter jurisdiction should the court dismiss without leave to replead." (footnotes omitted)).[6]

---

[6] The EPA relies on Friends of Animals v. Pruitt, __ F. Supp. 3d __, 2017 WL 2817019 (D.D.C. June 29, 2017), as support for its argument that the Court has no jurisdiction over the plaintiffs' motion to alter and amend. See Gov't's Opp'n at 5. Upon review of Friends of Animals, however, the Court notes that in that case, the plaintiff's proposed amended complaint would have challenged a different agency action than the action originally challenged in their complaint. Compare __ F. Supp. 3d at __, 2017 WL 2817019, at *1 (stating that the original complaint alleged that the EPA and its Administrator "unreasonably delayed in responding to a May 19, 2015 rulemaking petition regarding the review and potential cancellation of the registration of ZonaStat-H, a pesticide used to control reproduction of wild horses"), with id. (stating that the plaintiffs' amended pleading "would allege that the

(continued . . . )

Here, the Court concluded, see Blue Water Balt., __ F. Supp. 3d at __, 2017 WL

3049405, at \*5–6, and the EPA concedes, see Gov't's Opp'n at 4, that the Court "actually has

subject matter jurisdiction over the case," see Wright & Miller, supra, § 1350, if the pleading

challenges the EPA's approval of the Integrated Report that is currently in effect.  Therefore, the

Court has jurisdiction to consider the plaintiffs' motion for leave to amend, and the motion

should not be denied on that basis.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes it erred in dismissing the plaintiffs'

Complaint with prejudice because a dismissal on mootness grounds should be dismissed without

prejudice under Rule 41(b).  Further, the Court concludes that permitting the plaintiffs to file an

amended complaint challenging the Maryland Integrated Report currently in effect is not futile

because it will cure the jurisdictional deficiencies that doomed its original Complaint, there has

been no undue delay on the part of the plaintiffs in seeking to file the amended complaint, and

the EPA will not be unduly prejudiced by the filing of the amended complaint.   Accordingly, the

Court must grant the plaintiffs' motion to alter or amend the judgment and their motion for leave

to file an amended complaint.  The plaintiffs, however, must file an amended complaint

---

( . . . continued)
 [subsequent] denial of the rulemaking petition was 'arbitrary, capricious, contrary to underlying law, and an abuse
of discretion'").  Therefore, Friends of Animals is distinguishable from this case, where the plaintiffs seek to
challenge the EPA's reclassification of fifty-three water bodies, and seek to amend their pleading to cure their
jurisdictional deficiency, i.e., challenging the original reclassification in the 2012 Integrated Report, rather than the
superseding Integrated Report that adopted that reclassification.  See Pls.' Rule 15 Mem. at 3.  Moreover, the Court
agrees with the plaintiffs, see Pls.' Reply at 5, that the Friends of Animals Court denied the plaintiff's motion for
leave to file an amended complaint not because it did not have subject-matter jurisdiction over that motion, but
because that plaintiff "fail[ed] to comply with the procedural requirements of Local Civil Rule 7(i)," __ F. Supp. 3d
at __, 2017 WL 2817019, at \*1.  Although the Court in Friends of Animals dismissed that plaintiff's complaint on
mootness grounds, see id. at \*2, the plaintiffs in this case are correct that "it did not cite or discuss its mootness
ruling as a reason for denying the Rule 15 motion," Pls.' Reply at 5.

challenging the 2016 Integrated Report, as that is the Integrated Report that is now in force.  <u>See</u>

Gov't's Notice at 1.

        **SO ORDERED** this 9th day of November, 2017.[7]

REGGIE WALTON<br>
United States District Judge

---

[7] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.